**UNITED STATES of America, Plaintiff,**

v.

**Richard Lommel Atkinson GALLAGHER, Richard Gallagher, and Sally Gallagher, Defendants.**

**Civil Action No. 96–7274.**

United States District Court, E.D. Pennsylvania.

Sept. 18, 1997.

| PERIOD | TAX | § 6651(a)(1) PENALTY | § 6654 PENALTY |
|---|---|---|---|
| 1985 | $27,766.00 | $42,298.02 | $ 8,158.00 |
| 1986 | $53,710.00 | $73,871.93 | $16,025.00 |
| 1989 | $14,687.00 | $ 9,690.17 | $ 4,667.00 |
| 1990 | $ 7,686.00 | $ 3,547.76 | $ 2,430.00 |

Angelo A. Frattarelli, U.S. Dept. of Justice, Washington, DC, for Plaintiff.

Thomas W. Ostrander, Duane, Morris & Heckscher, Philadelphia, PA, for Defendants.

Richard Lommel Atkinson Gallagher, pro se.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

The United States brings this action to reduce to judgment federal tax assessments made against Richard Lommel Atkinson Gallagher ("Gallagher") and to set aside as fraudulent a conveyance of property from Gallagher to his parents, Richard and Sally Gallagher. The United States has moved for Summary Judgment. For the reasons that follow, that motion will be granted in part and denied in part.

## I. FACTS.

On April 5, 1993, Gallagher was found to be indebted to the United States for income tax deficiencies in the years 1985, 1986, 1989, and 1990. A statutory notice of deficiency[1] containing the proposed amount due was sent to Gallagher and he challenged the assessment. On January 31, 1995, the United States Tax Court held the amount of deficiency was correctly calculated.[2] Gallagher appealed this decision, and the United States Court of Appeals for the Third Circuit affirmed.[3]

On September 25, 1995, the Department of Treasury calculated the following assessments against Gallagher:

That same day, notice and demand for payment was made. Gallagher still refused to pay the amount due. On May 13, 1995, the United States properly recorded a notice of federal tax lien in the office of the Prothonotary for Chester County, Pennsylvania. Gallagher is now indebted to the United States in the amount of $297,048.34 plus interest and penalties accrued to date. The United States brings this civil action seeking, in Count I, to reduce these tax assessments to judgment.

In Count II, the United States seeks to set aside, under the Pennsylvania Fraudulent Conveyance Act,[4] a sale of real property from Gallagher to Richard and Sally Gallagher, his parents. This sale took place on August 6, 1991. The United States seeks to set aside the sale and vest title to the property in Gallagher. This would allow the United States to foreclose on the property and use the proceeds to satisfy the tax lien.

## II. STANDARD OF REVIEW.

Summary Judgment is proper "if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Then, the non-moving party must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." FED.

---

1. 26 U.S.C. § 6212.

2. *Gallagher v. Commissioner,* No. 320–94, 1995 WL 35350 (U.S.Tax Ct. Jan.31, 1995).

3. The Court was unable to locate this decision, however, the parties do not dispute that the decision of the Tax Court was affirmed by the Third Circuit Court of Appeals.

4. 39 Pa.Stat.Ann. § 354 (1991). The Fraudulent Conveyance Act was repealed in 1993. The Act is applicable to the case at bar, however, because the conveyance at issue occurred prior to February 1, 1994.

**350**

R.Civ.P. 56(e). If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Wisniewski v. Johns–Manville Corp.,* 812 F.2d 81, 83 (3d Cir.1987).

### III. *DISCUSSION.*

Summary Judgment is proper as to Count I of the Complaint as there is no genuine issue of material fact in dispute between the parties. As to Count II, however, Summary Judgment is inappropriate as genuine issues of material fact are in dispute.

### A. Count I.

 As noted above, in Count I, the United States seeks to reduce to judgment a tax assessment against Gallagher. The United States has introduced into evidence the Certificate of Assessments and Payments for the deficiencies at issue. This Certificate establishes the United States' prima facie case and shifts to Gallagher the burden of persuading the Court that the assessment is incorrect. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Psaty v. U.S.,* 442 F.2d 1154, 1159–60 (3d Cir.1971); *United States v. Updegrave,* No. 95–6054, 1997 WL 297074 at *3 (E.D.Pa. May 28, 1997) (citations omitted). Gallagher has failed to offer any evidence showing that the assessments are incorrect. Thus, Summary Judgment in favor of the United States as to Count I is proper.

### B. Count II.

In Count II the United States seeks to set aside a conveyance of real property from Gallagher to his parents. The United States may proceed under either section 354 or section 357 of the Pennsylvania Fraudulent Conveyance Act to achieve this result. 39 P.S. §§ 354, 357.

 Section 357 requires the United States to prove Gallagher made the conveyance with the intent to "hinder, delay, or defraud" the rights of the United States, his creditor. 39 P.S. § 357. The material issue of intent is disputed by the parties. This precludes Summary Judgment on Count II under section 357 at this time.

 Under section 354, the United States may set aside the conveyance without regard to Gallagher's intent. To succeed, the United States must show that Gallagher was insolvent at the time of the sale, or was rendered insolvent by the sale, and that the sale was made for inadequate consideration. 39 P.S. § 354; *United States v. Purcell,* 798 F.Supp. 1102, 1111 (E.D.Pa.1991), *aff'd* 972 F.2d 1334 (3d Cir.1992).

The United States correctly points out that Gallagher admits he was insolvent at the time of the sale in his answers to interrogatories. But Gallagher's insolvency is only one element the United States must prove. The Defendants may still prevent the United States from setting aside the conveyance by showing adequate consideration was paid for the property. The parties dispute the amount of consideration actually paid, and whether that amount was adequate. This precludes Summary Judgment on Count II under section 354.